UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY BUCHANAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MASSACHUSETTS DEPARTMENT ) <br> OF CORRECTION, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 23-10192-FDS |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO STRIKE

**SAYLOR, C.J.**

This is a dispute arising out of the Commonwealth of Massachusetts' mandatory COVID-19 vaccination policy for state executive employees. Defendant Massachusetts Department of Correction ("DOC") is an agency of the Commonwealth of Massachusetts that oversees the state prison system. Plaintiff Kelly Buchanan is a former employee of DOC, who worked as a Correctional Program Officer from 2011 until her termination in 2021. The complaint alleges that plaintiff was a victim of religious discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), because she was terminated for refusing to comply with the DOC's COVID-19 vaccine mandate.

Plaintiff has moved to strike certain statements made in the Declaration of Dr. Lawrence Madoff that was filed in support of Defendant's Motion for Summary Judgment. Plaintiff's motion replicates multiple others previously filed in this jurisdiction involving Dr. Madoff's expert testimony in similar COVID-19 vaccine mandate cases. *See Haley v. Exec. Off. of Health & Hum. Servs.*, 2024 WL 1836480, at *1 (D. Mass. Apr. 26, 2024); *Howe v. Massachusetts*

*Dep't of Correction*, 2024 WL 3536830, at *1 (D. Mass. Jul. 25, 2024); *Macauda v. Dep't of Children and Families*, No. 22-30124-LTS (D. Mass. Jul. 30, 2024); *Delaney v. Massachusetts Dep't of Revenue*, No. 23-10136-LTS (D. Mass. Jul. 31, 2024). The court in each of those cases denied the plaintiff's motion to strike Dr. Madoff's testimony. This Court will follow suit for the same reasons stated in the *Macauda* decision.

First, plaintiff's complaint that Dr. Madoff did not conduct "any primary research into the efficacy of the COVID-19 vaccines," (Pl.'s Mot. to Strike at 2), is clearly immaterial; "[a]n expert is not required to rely only on his own primary research in forming an opinion," *Macauda*, No. 22-30124-LTS at 2. Second, the motion's critique of Dr. Madoff's interpretation of certain studies is "properly attributed to the weight of Dr. Madoff's testimony rather than its admissibility." *Id.* And third, Dr. Madoff's refusal to provide a definitive answer to multiple hypothetical questions concerning a vaccinated individual's absolute risk reduction does not demonstrate a lack of subject-matter expertise, but rather a measured approach to the science. (Pl.'s Mot. to Strike at 8-9).

Accordingly, and for the foregoing reasons, plaintiff's motion to strike the Declaration of Dr. Madoff is DENIED.

**So Ordered.**

Dated: September 16, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court